UNITED STATES OF AMERICA, PLAINTIFF *v.*
G.Y.C. TRADING, INC. AND YOUNG K. CHOI, DEFENDANTS

Court No. 96–08–01916

(Dated November 17, 1999)

### ORDER

WALLACH, *Judge:* Plaintiff has filed with this Court its Motion To Dismiss And Motion To Cancel Status Conference ("Plaintiff's Motion"). The Court having reviewed the pleadings and papers on file herein, and good cause appearing therefor, it is hereby

ORDERED that Plaintiff's Motion is denied on the grounds that Plaintiff's Motion "respectfully requests the Court to dismiss this action" pursuant to USCIT R. 41(a)(1)(A). USCIT R. 41(a)(1)(A) does not give the Court the authority to dismiss an action, but places this power solely within the discretion of plaintiffs. In relevant part, USCIT R. 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court (A) by filing a notice of dismissal which shall be substantially in the form set forth in Form 7 of the Appendix of Forms at any time before service by the adverse party of an answer or motion for summary judgment."

ORDERED that, unless Plaintiff files a proper notice or motion before this Court on or before 5 p.m. Eastern Standard Time on December 6, 1999, the in-court status conference previously scheduled for Wednesday, December 8, 1999, beginning at 11 a.m. Eastern Standard Time, will continue to be held.

RUBBERFLEX SDN. BHD. AND RUBFIL SDN. BHD., PLAINTIFFS *v.*
UNITED STATES OF AMERICA, DEFENDANT

Court No. 97–12–02180

(Dated November 24, 1999)

### JUDGMENT ORDER

GOLDBERG, *Judge:* Upon consideration of the Department of Commerce, International Trade Administration's *Final Results of Redetermination Pursuant to Court Remand, Rubberflex Sdn. Bhd. v. United States, Slip Op. 99–68 (July 23, 1999),* October 22, 1999 ("Remand Results"), and all other papers filed herein, and no parties having filed comments regarding the Remand Results, it is hereby

ORDERED that the Remand Results are sustained in all respects; and it is further

ORDERED that, all other issues having been decided in this case, judgment is entered in accordance with the Court's opinion in *Rubberflex Sdn. Bhd. v. United States*, No. 97–12–02180, Slip Op. 99–68 (CIT July 23, 1999).